Argued and submitted April 13, affirmed June 6, 1990

SEVERSON,
*Respondent,*

*v.*

YOUNGDAHL et al,
*Appellants.*

YOUNGDAHL et al,
*Third-Party Plaintiffs,*

*v.*

ORTIS et al,
*Third-Party Defendants.*

(85-1624; CA A62183)

792 P2d 482

Julie K. Bolt, Portland, argued the cause for appellants. With her on the briefs were John L. Langslet and Martin, Bischoff, Templeton, Ericsson & Langslet, Portland.

A. J. Morris, Eugene, argued the cause for respondent. With him on the brief was Dwyer, Simpson & Wold, P.C., Eugene.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendants appeal the trial court's denial of their motion to set aside a judgment. They filed the motion on March 16, 1989, almost two years after entry of the judgment on April 7, 1987. Plaintiff moved for the judgment on April 6, 1987, on the ground that the parties had reached a settlement. A copy of the motion was served on defendants' attorney by mail on April 6. Defendants contend that their attorney did not receive the copy before the judgment was entered the next day. They argue that they were denied due process, that the judgment is void, ORCP 71B(1)(d), and that they therefore are not limited to the one-year period after notice of a judgment that ORCP 71B(1) allows for moving to set it aside on grounds of "mistake, inadvertence, surprise, or excusable neglect." ORCP 71B(1)(a).

Of necessity, defendants have characterized the issue as one of due process and voidness, because their motion clearly would have been untimely if it had asserted the grounds for relief set forth in ORCP 71B(1)(a). However, we are unable to accept defendants' characterization. Whether or not defendants' attorney received the service copy of plaintiff's motion after the judgment was entered, they do not argue that it went unreceived for a significant amount of time—let alone one year—afterward. They also do not contend that they were unaware of the judgment. Their inability or failure to be heard in connection with the entry of the judgment could have been due to surprise or excusable neglect or, conceivably, other causes that are cognizable under ORCP 71B(1)(a). They were not entitled to wait two years and then assert that a procedural irregularity had escalated into a denial of due process due to their own failure to take available measures to obtain whatever process was lacking.

Affirmed.